IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROSEMARY GREENE, an individual,

    Plaintiff,

v.

WELLS FARGO HOME MORTGAGE, a division of WELLS FARGO BANK, N.A., ETS SERVICES, LLC, a corporation, and DOES 1–10, inclusive,

    Defendants.

No. C 13-02774 WHA

**ORDER GRANTING MOTION TO DISMISS**

## INTRODUCTION

In this mortgage dispute, defendants move to dismiss pursuant to Rule 12(b)(6). For the reasons stated below, the motion is **GRANTED**.

## STATEMENT

Plaintiff Rosemary Greene, represented by counsel, originally filed suit in the Superior Court for the County of Alameda in May 2013. Greene asserted five causes of action against Wells Fargo Bank, N.A. based on her allegation that the loan modification she had been offered was no more than a "Band-Aid on a severed artery" (Compl. ¶ 13). Wells Fargo removed the case to federal court and subsequently filed the present motion to dismiss.

The following facts are taken from the complaint and from judicially noticeable documents. In April 2007, Greene obtained a $661,600 home loan from World Savings Bank,

FSB and executed a deed of trust for a residential property in Oakland.  In January 2008, World Savings changed its name to Wachovia Mortgage, FSB.  In November 2009, Wachovia merged into Wells Fargo.

According to the complaint, Greene suffered severe economic hardship in 2009. She immediately contacted Wachovia for a loan modification but still faced difficulties with her payments.  In 2010, a loan modification process was initiated with Wells Fargo.  Greene alleges that Wells Fargo "employed a scheme to unnecessarily delay the process for loss mitigation," resulting ultimately in a denial of assistance (Compl. ¶¶ 12–17).

Greene later filed two separate bankruptcy actions.  Her first bankruptcy petition was filed under Chapter 13 in November 2011 and was dismissed three months later.  Her second bankruptcy was filed in November 2012.  That bankruptcy resulted in a discharge on February 12, 2013.  Greene did not list this claim in her schedules filed with the bankruptcy court.

This order follows full briefing and oral argument.

## ANALYSIS

### 1. REQUEST FOR JUDICIAL NOTICE.

Wells Fargo has made two requests for judicial notice.  It requested that judicial notice be taken, *inter alia*, of the following documents:  (1) docket in United States Bankruptcy Court, Northern District of California, Chapter 13 No. 10-73054 (RJN, Exh. I); and (2) docket and Chapter 7 Voluntary Petition filed and entered on November 11, 2012, in United States Bankruptcy Court, Northern District of California, No. 12-49009 (RJN, Exh. J).  Greene does not object.  Wells Fargo's requests for judicial notice are **GRANTED**.  Judicial notice of the existence and content of these documents is proper under Federal Rule of Evidence 201(b) because the authenticity of the documents is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.  Because this order does not rely on any of the other documents, all other requests for judicial notice are **DENIED AS MOOT**.

**2.     STANDING.**

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). A motion to dismiss under Rule 12(b)(6) may be granted where the plaintiff lacks standing to bring the lawsuit. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

Upon filing a petition for bankruptcy protection, all of the debtor's property becomes vested in the bankruptcy estate. 11 U.S.C. 541(a)(1). "Property that is neither abandoned nor administered remains property of the estate even after the case is closed." *In re Lopez*, 283 B.R. 22, 28 (B.A.P. 9th Cir. 2002). Accordingly, a bankruptcy petitioner loses standing for any causes of action even though they were not listed in the schedules.

Wells Fargo argues that Greene lost standing to pursue this action when she filed for bankruptcy in November 2012. Greene does not address this issue in her brief. During oral argument, counsel for Greene did not dispute Greene's lack of standing. This order agrees with Wells Fargo that Greene lacks standing to pursue this action.

Any claim that Greene may have had against Wells Fargo became property of the estate when she filed for bankruptcy. The action was not abandoned by the trustee when he discharged Greene in February 2013 because it was not listed in the schedules (*In re Rosemary Greene*, No. 12-49009, Dkt. No. 10 (Bankr. N.D. Cal. Dec. 13, 2013)). The action is still the property of the estate and Greene therefore lacks standing to pursue it. Greene may try to possibly regain standing by filing a motion to reopen with the bankruptcy court. The trustee may (or may not) then decide to either pursue the claim or abandon it.

This order notes that Greene does have standing to pursue any claim which arose after February 12, 2013, the date of her discharge. Her complaint does not, however, allege any facts that took place after that date that could give rise to a claim against Wells Fargo. To the contrary, the claims for relief asserted against Wells Fargo seem to be rooted in conduct that took place in 2009 and 2010 — the period in which Greene requested her loan modification. If Greene wishes to pursue claims against Wells Fargo which arose after February 12, 2013, she

3

may file a motion for leave to amend her complaint. A proposed amended complaint must be appended to the motion and Greene must plead her best case. The amended complaint may only state claims which arose after February 12, 2013 and shall be filed on or before **SEPTEMBER 6, 2013**.

Because Greene's lack of standing is dispositive, the arguments raised in her brief pertaining to her claims against Wells Fargo need not be addressed in this order.

## CONCLUSION

For the reasons stated above, Wells Fargo's motion to dismiss is **GRANTED**. Greene's complaint is **DISMISSED WITHOUT PREJUDICE**. If and when Greene regains standing to pursue her claim, she may pursue a new action. Should Greene choose to further pursue those claims that arose after February 12, 2013, the date of her bankruptcy discharge, she may file an amended complaint by **SEPTEMBER 6, 2013**. If no amended complaint is received by then, final judgment will be entered in favor of Wells Fargo.

**IT IS SO ORDERED.**

Dated: August 23, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE